**Dated: August 17, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**CRAY R. BAUXMONT-FLYNN**<br><br>**Debtor.** | **Case No. 26-10382**<br>**Chapter 7** |

**ORDER GRANTING MOTION TO AVOID LIEN**

This matter comes before the Court pursuant to the Motion to Avoid Lien (the “Motion”),[1] filed by Cray R. Bauxmont-Flynn (“Debtor”); an Objection[2] filed by Edmondson Design Group, Inc., Donna C. Edmondson, and Gary W. Sparks (the “Objecting Creditors”); a Reply[3] filed by Debtor; and a Surreply[4] filed by Objecting Creditors. This order is entered pursuant to Federal Rule of Bankruptcy Procedure 7052[5] and Federal Rule of Civil Procedure 52, made applicable to this contested matter by Rule 9014.

---

[1] ECF No. 15.
[2] ECF No. 16.
[3] ECF No. 17.
[4] ECF No. 24.
[5] Unless otherwise noted, all further references to “Rules” are to the Federal Rules of Bankruptcy Procedure.

## Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[6] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(K).

## Background

On July 8, 2025, the Eighth Judicial District Court of Clark County, Nevada entered an Order Granting Judgment in favor of the Objecting Creditors against the Debtor (the "Nevada Judgment").[7] The Nevada Judgment was awarded in the combined total amount of $229,108.27, with statutory interest accruing from July 31, 2025. On September 8, 2025, the Objecting Creditors domesticated the Nevada Judgment in Tulsa County District Court, Case No. CV-2025-2002, pursuant to section 706 of title 12 of the Oklahoma Statutes. The judgment lien was recorded in the Tulsa County land records on October 8, 2025, at Document No. 2025089127, against the Debtor's real property located at 4041 East 46th Street, Tulsa, Oklahoma 74135 (the "Tulsa Property").

On March 15, 2026, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). In Schedule C filed with the Petition, Debtor claimed the Tulsa Property as fully exempt under sections 1(A)(1) and 2 of title 31 of the Oklahoma Statutes governing exemptions of homestead property.[8] No party has filed an objection to Debtor's list of claimed exemptions.

---

[6] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[7] These facts are primarily drawn from the Objection, at ECF No. 16.

[8] Petition, ECF No. 1, at 24.

In addition to the Nevada Judgment, Debtor's bankruptcy schedules indicate two other creditors hold liens against the Tulsa Property, including a first priority secured mortgage lien by BOK Mortgage of $291,101.17, and a second priority secured mortgage lien held by First Oklahoma Bank of $250,000, which was recorded on July 11, 2025.

On June 22, 2026, the Objecting Creditors filed an adversary complaint against Debtor in the above-captioned bankruptcy case, *Edmondson Design Group, Inc. et al. v. Bauxmont-Flynn*, Adv. Pro. No. 26-01020-T (the "Adversary Proceeding"), asserting that the debt underlying the Nevada Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (false pretenses, false representation, or actual fraud), 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity), and 523(a)(6) (willful and malicious injury).

**Discussion**

At first glance, this appears to involve a fairly straightforward lien avoidance motion. A creditor holds a judicial lien filed against a debtor's homestead. As a resident of Oklahoma, the debtor is entitled to an unlimited exemption in his homestead. The Bankruptcy Code allows a debtor to avoid the fixing of a judicial lien on such property. The Court would ordinarily grant such a motion as a matter of routine. End of story.

Here, the Objecting Creditors assert that this "is not a routine lien avoidance motion."[9] First, they allege that the pendency of the Adversary Proceeding must be resolved before the Court can consider the Motion, asserting that "[a] debt that is ultimately determined to be nondischargeable cannot be the basis for lien avoidance."[10] On this basis, they ask that, at a minimum, the Court stay resolution of the Motion pending completion of the Adversary

[9] Objection, ECF No. 16, at 1.
[10] *Id.* at 2.

Proceeding. Second, they find the Motion defective because the Debtor does not provide any evidence to support his valuation of the Tulsa Property or his claim that the Nevada Judgment will impair the claimed exemption. Under this theory, the Objecting Creditors assert that the Court must hold an evidentiary hearing before the Motion can be granted. For the reasons stated below, the Court finds no merit in the Objecting Creditors' arguments, and will grant the Motion without delay.[11]

***1. Debtor may use § 522(f) to set aside liens related to certain nondischargeable debts.***

The Objecting Creditors' first premise is that if a debt is found nondischargeable under § 523(a)(2), (4), or (6), then it cannot be the basis for a lien avoidance under § 522(f). They cite no authority for this proposition. To the contrary, courts have found that judicial liens may be avoided even where a debtor has been denied a discharge under § 727 or the debt underlying the lien has been excepted from a debtor's discharge for certain debts under § 523, including § 523(a)(2), (4), and (6).[12] As stated by Judge Jacobvitz in *In re Mulholland*,

---

[11] The Objection presents a fundamental misunderstanding of the law regarding lien avoidance, and is replete with conclusory statements presented without authority. Many of the legal contentions made in the Objection do not appear to be warranted by existing law, and potentially implicate counsel's duty under Federal Rule of Civil Procedure 11, made applicable to this matter by Rule 9011. Moreover, what sparse authority exists is often misrepresented or, in at least one case, does not exist. *See, e.g.*, citation to *In re Taylor*, 899 F.3d 1126 (10th Cir. 2018) (misrepresentation of holding, discussed *infra*), ECF No. 16, at 11 & ECF No. 24, at 2; citation to *In re Kolich*, 328 F.3d 406 (8th Cir. 2003) (misrepresentation of holding; court did not discuss debtor's burdens), ECF No. 16, at 8, 11 & ECF No. 24, at 3; citation to *In re McNulty*, 597 B.R. 370, 376 (Bankr. D.N.M. 2019) (no such case exists), ECF No. 16, at 8. *See also In re Richburg*, 671 B.R. 918, 923 (Bankr. D.S.C. 2025) ("At the very least, the duties imposed by Rule 9011—as well as Fed. R. Civ. P. 11—require that attorneys read and confirm not only that cases cited stand for the proposition asserted, but also that they exist."). Counsel is reminded of his duty to conduct a reasonable inquiry into the law, and to verify the cited authorities, before signing any pleading submitted to this Court. Failure to do so risks a stain on his credibility and opens the door to the possibility of sanctions in the appropriate context.

[12] *In re Vaughan*, 311 B.R. 573, 578 (10th Cir. BAP 2004), *aff'd,* 241 F. App'x 478 (10th Cir. 2007); *In re Franklin*, No. 25-13847, 2026 WL 2083214, at *3 (Bankr. W.D. Okla. July 17,

> A debtor's ability to avoid a judicial lien consistent with the requirements of 11 U.S.C. § 522(f) "is not dependent upon the debtor receiving a discharge, and consequently, the denial of a debtor's discharge does not bar the debtor from avoiding a lien pursuant to § 522(f)."[13]

The Court finds this to be a correct statement of the law. In the absence of contrary authority, the Court finds no basis to delay consideration of the Motion based on the pending Adversary Proceeding.

***2. Court may determine impairment under § 522(f)(2) in absence of evidence of property value.***

Section 522(f) provides, in relevant part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien . . . .
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Section 522(f)(1) allows a debtor to avoid a judicial lien on an interest in property to the extent that lien impairs a debtor's exemption. A debtor bears the burden of establishing entitlement to lien avoidance under this section.[14] The Objecting Creditors appear to concede that the Nevada Judgment is a judicial lien, as that term is used in § 522(f)(1). They raised no timely objection to

---

2026) (citing numerous cases). *See also* § 522(c) (exempt property not liable for certain pre-petition debts, listing exceptions).

[13] *In re Mulholland*, No. 7-10-14587, 2012 WL 601784, at *2 (Bankr. D.N.M. Feb. 23, 2012) (quoting *In re Allen*, 217 B.R. 945, 949 (Bankr. M.D. Fla. 1998)).

[14] *In re Franklin*, 2026 WL 2083214, at *2.

debtor's claim of exemption in the Tulsa Property, therefore the property is now exempt.[15] Nor do the Objecting Creditors raise a direct challenge to Debtor's entitlement to a homestead exemption under Oklahoma law.[16] Whether a judicial lien "impairs" a debtor's exemption under § 522(f) is a question of federal law.[17] Section § 522(f)(2) provides the mathematical formula for determining whether a lien impairs a debtor's exemption: Add (A) the lien sought to be avoided, (B) all other unavoided liens on the property, and (C) the amount of the exemption the debtor could claim if there were no liens on the property. If the sum of (A + B + C) exceeds the value of the debtor's interest in the property (in the absence of any liens), the exemption is impaired.[18]

Before applying the formula to the facts of this case, we must acknowledge that under Oklahoma law, Debtor's homestead exemption is unlimited in dollar amount.[19] The United States Supreme Court has referred to this as an uncapped or "unlimited or in-kind exemption."[20] This means that the "amount of the exemption the debtor could claim if there were no liens on the property" will *always* be equal to the "debtor's interest in the property (in the absence of any

---

[15] § 522(l); Rule 4003(b).

[16] Rule 4003(d)(2).

[17] *In re Coats*, 232 B.R. 209, 212 (10th Cir. BAP 1999); *In re Tapia*, 598 B.R. 1, 7-8 (Bankr. D.N.M. 2019).

[18] § 522(f)(2)(A); *In re Taylor*, 899 F.3d 1126, 1127 (10th Cir. 2018); *In re Sawyers*, 2 F.4th 1133, 1140 (8th Cir. 2021); *In re Coats*, 232 B.R. at 213; *In re Belegratis*, 679 B.R. 59, 93 (Bankr. D. Colo. 2026).

[19] *See* Okla. Stat. tit. 31, §§ 1(A)(1) & 2; *In re Deleplank*, No. 14-80060, 2014 WL 5018598, at *1 (Bankr. E.D. Okla. Oct. 7, 2014).

[20] *Schwab v. Reilly*, 560 U.S. 770, 792 (2010).

liens)."[21] Therefore, *any* unavoided lien will create an impairment of the Debtor's exemption rights.[22] To the extent such a lien meets the criteria of § 522(f)(1)(A) or (B), it will be avoidable.

Applying the statutory formula to the Nevada Judgment results in the following:

| | | |
|---|---|---|
| A. | The value of the Nevada Judgment to be avoided: | $229,108.27 |
| B. | The sum of all other liens not to be avoided: | $541,101.17[23] |
| C. | Oklahoma homestead exemption w/o liens | $291,000 |
| | A + B + C = Total | $1,061,209.44. |

Using the value of Debtor's interest in the Tulsa Property from Schedule C ($291,000), the Nevada Judgment is avoidable because it impairs the Debtor's homestead exemption.

The Objecting Creditors dispute Debtor's valuation of his interest in the Tulsa Property. They insist that Debtor bears the burden of proving the fair market value of the Tulsa Property by admissible evidence, and that the Court must hold an evidentiary hearing for that purpose. The Objecting Creditors cite to the case of *In re Taylor*[24] for the premise that the calculation under § 522(f)(2)(A) "requires competent evidence of property value and accurate identification of all liens."[25] The Court notes that *In re Taylor* does not contain either the words "competent" or

[21] As the dissent in *Schwab v. Reilly* noted, "The significance of market value is what differentiates capped exemptions from uncapped ones that permit debtors to exempt certain property in kind regardless of its worth. ***For uncapped exemptions***, the nature of the property the debtor has reclaimed is clear: ***If the exemption is valid, the debtor gets the asset in full every time.*** For capped exemptions, however, market value is a crucial component in determining whether the debtor gets the item itself or a sum of money representing a share of the item's liquidation value." *Id*. at 802 (emphasis added) (citations omitted).

[22] *See In re Coats*, 232 B.R. at 214 ("Thus, the mere existence of a judicial lien impairs the homestead exemption because it constitutes a cloud on the title. As the bankruptcy court stated in *McMasters*, we are hard pressed to understand how a judgment that clouds title to homestead property does not impair its exempt status.") (citing *In re McMasters*, 220 B.R. 419, 424 (Bankr. N.D. Okla. 1998)).

[23] $291,101.17 (BOK Mortgage) + $250,000 (First Okla. Bank Mortgage) = $541,101.17.

[24] 899 F.3d 1126 (10th Cir. 2018).

[25] Objection, ECF No. 16, at 11; Surreply, ECF No. 24, at 2

"evidence."[26] *In re Taylor* addressed the interpretation of the term "all other liens on the property" as part of the formula in § 522(f)(2)(A) when a debtor held only a partial interest in the subject property.[27] The court held that the phrase should only apply to the lien amounts corresponding to the debtor's partial interest, instead of the total lien amounts on the entire property. Because Colorado law provides limited homestead exemptions, the calculation under § 522(f)(2) was particularly fact intensive. The court noted that the lien creditor had objected to the debtor's valuation of its residence, but did not otherwise make any statement regarding the necessity of a hearing or the competency of evidence required for the bankruptcy court to make its determination.

The Court can find no requirement in *In re Taylor*, or any other authority, that it must hold an evidentiary hearing in order to resolve a motion to avoid lien under § 522(f). The Court is aware that the Objecting Creditors believe the Debtor's valuation of the Tulsa Property is too low. But the reality is that, given the formula under § 522(f)(2)(A) and the unlimited nature of Oklahoma's homestead exemption, their judicial lien will be found to impair the Debtor's exemption *regardless of the value placed on the Tulsa Property*. The Court will not require Debtor to jump through an additional hoop of providing evidence regarding the value of the Tulsa Property when that value is effectively irrelevant to the outcome of this case.[28]

The Objecting Creditors also appear to make the argument that their lien cannot be avoided if, after accounting for the first mortgage held by BOK, the Debtor is left with no equity in the

---

[26] *In re Taylor*, 899 F.3d at 1126.

[27] *Id.* at 1127 ("We must determine how that formula applies to a homestead exemption when a home is jointly owned with a non-debtor.").

[28] *In re Bergman*, 663 B.R. 768, 774 (Bankr. D. Neb. 2024) ("For any exemption without a statutory limit, the amounts claimed are irrelevant."); *Bob Sutton Realty & Loans, LLC v. Darnell (In re Darnell)*, No. 24-10515-357, 2025 WL 1165252, at *4 (Bankr. E.D. Mo. Apr. 21, 2025) ("A debtor's inaccuracy in making a claim under a dollar-limited exemption can have unfortunate consequences. . . . But when an exemption statute is unlimited—*i.e.*, the asset can be exempted in kind— 'the amounts claimed are irrelevant.'") (internal citations omitted).

Tulsa Property.[29] Although they cite no case law for this premise, they appear to be making an argument supported by *In re Simonson*,[30] a 1985 opinion of the Third Circuit Court of Appeals. The legislative history regarding § 522(f)(2) indicates that, among the reasons for its implementation was specifically to reject such a result:

> The amendment [to § 522(f)] also overrules *In re Simonson*, 758 F2d 103 (3d Cir. 1985), in which the Third Circuit Court of Appeals held that a judicial lien could not be avoided in a case in which it was senior to a nonavoidable mortgage and the mortgages on the property exceeded the value of the property.[31]

Additionally, this argument has been rejected by courts in the Tenth Circuit.[32] Therefore, the Court finds it need not consider the extent of Debtor's equity in the Tulsa Property in its determination of whether to avoid the Nevada Judgment.

In the end, the Objecting Creditors acknowledge that the formula provided in § 522(f)(2)(A) to determine whether the Nevada Judgment impairs Debtor's exemption rights under Oklahoma law "technically shows impairment."[33] They appear to be making an argument that the resulting avoidance of their lien is inherently unfair.[34] But it is not for this Court to rewrite

---

[29] Objection, ECF No. 16, at 8.

[30] 758 F.2d 103 (3d Cir. 1985).

[31] H.R. Rep. No. 103-835, at 53-54 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3362-63.

[32] *See In re Brown*, 734 F.2d 119, 125 (2d Cir. 1984) ("[T]he debtor is permitted, even if he lacks an equity interest in the property, to avoid the fixing of a judicial lien on the property if that avoidance would allow him to enjoy an exemption provided by § 522(b).") (cited with approval in *In re Leonard*, 866 F.2d 335, 338 (10th Cir. 1989)); *In re Schmidtke*, 513 B.R. 579, 586 (Bankr. D. Colo. 2014) ("Section 522(f) does not require that a debtor have equity in his property in order to avoid a judicial lien."); *In re Deleplank*, 2014 WL 5018598, at *2 ("Whether a debtor has equity in the property is not determinative of whether a debtor has an exemption that may be impaired.").

[33] Objection, ECF No. 16, at 8.

[34] The Objecting Creditors suggest Debtor's entitlement to lien avoidance rests on equitable grounds. *See* Objection, ECF No. 16, at 14. As noted *supra*, the definition of impairment under § 522(f) is based on a statutory formula, and does not leave room for judicial discretion.

the law. As one court aptly concluded, "With the competing equities both hard to weigh and finely balanced, our task is simply to apply § 522(f)(2)(A) as Congress wrote it."[35]

**Conclusion**

Pursuant to § 522(f), the Court finds the Objecting Creditors hold a judicial lien that may be avoided in full because it impairs Debtor's homestead exemption.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Avoid Lien, filed by Cray R. Bauxmont-Flynn, at ECF No. 15, is hereby GRANTED.

IT IS FURTHER ORDERED that the lien of Edmondson Design Group, Inc., Donna C. Edmondson, and Gary W. Sparks on the following real property: Lot Twenty-four (24), Block Twenty-one (21), PATRICK HENRY, BLOCKS 13 THROUGH 23, INCLUSIVE, an Addition in Tulsa County, State of Oklahoma, according to recorded Plat N. 2053, whose address is: 4041 East 46th Street, Tulsa, Oklahoma 74135, is hereby avoided in its entirety.

###

[35] *In re Kolich*, 328 F.3d at 410.